BAKER, JUDGE:
Claimants, David Lee Brewer and Patricia I. Brewer, his wife, are the owners of property in Nicholas County. Claimants were involved in a property dispute with the respondent, Division of Highways, when the respondent asserted that the road adjacent to claimant’s property was a road within the State Road System. Claimants’ allege that employees of the respondent came onto their property, removed their spilt-rail fence, damaged a culvert belonging to the claimants, created a nuisance by permitting the public to use the road, and caused defective conditions upon their driveway resulting in damages to their daughter’s automobile. Claimants allege damages as a result of the actions of the respondent.
The evidence adduced at the hearing of this claim on July 22,1993, established that *59 claimants purchased unimproved property on the Left-Hand Fork of Line Creek in Lockwood, Nicholas County in 1979. Claimants were of the opinion that the road adjacent to the property was a private road. They moved a mobile home onto the property in 1985 50 1986 and made this location their permanent residence. Claimants gave a right-of-way on the private road to Bethlehem Steel in an agreement in 1981. According to this agreement, Bethlehem Steel graded the private road at least once a year. This road was used by Bethlehem Steel to maintain a ventilator shaft to a coal mine. During 1989, claimants became involved in a dispute as to whether the road was a private road or a road within the jurisdiction of the respondent, Division of Highways. On October 27, 1989, employees of the respondent brought equipment to widen the road. During this activity, the employees of the respondent removed claimants’ split-rail fence which had been purchased and erected approximately six months prior to this date. Respondent’s employees confiscated the fence and stored it at their headquarters in Nicholas County.
During the period of 1989 through 1990, there were several proceedings in various courts of the State. The Circuit Court of Nicholas County entered the original Order which declared that the Left-Hand Fork of Line Creek was a State road under the domain of the respondent. After an appeal to the West Virginia Supreme Court, the Circuit Court of Kanawha County conducted a trial before the Court and an advisory jury whereupon the Court entered an Order declaring that the dirt road which crosses claimants’ property is, in fact, a private road. This Order was entered September 13,1990.
After the Order had been entered, the claimants requested that the respondent return their split-rail fence and re-erect the fence in the same location from which it had been removed. Employees of the respondent returned the fence to claimants’ property in October 1990, but the fence was not re-erected until May 1991.
The testimony established that respondent’s employees erected the fence using a grade-all. The employees were unable to use a mechanical method of tamping down the soil and the posts. The accepted method to install a split-rail fence as testified to by Kelly Arnett, an expert witness on behalf of the respondent, contemplates the use of a one-man auger drill to dig the post hole, a post is set in the hole, the ground around the post is mechanically tamped down to secure the post, and the fence is placed one section at a time. Ms. Arnett viewed the fence as placed by respondent’s employees and noted that 13 rails and one post needed to be replaced. She also stated that setting fencing that had not been treated prior to being set in place and then taking down the fence and putting it back up would be destructive and it would be necessary to “start from scratch.”
The evidence also established that a culvert for Line Creek on claimants’ property was damaged by respondent’s equipment during a backfill operation when the road was graded. Through a video placed in evidence, claimants established that respondent’s equipment did not pass over the culvert. There was damage to one end of the culvert. Although this culvert was not an actual pipe and may have been a converted water heater, it served the purpose for which it was intended. The *60 damage to the culvert has reduced its capacity to maintain the flow of water from the Creek.
Claimants contend that during the dispute involving the private status of the road there was increased traffic flow on the road including logging trucks. This traffic allegedly caused claimant David Brewer to suffer an aggravation to his health. This contention is speculative in nature and the Court declines to speculate as to any allegation of damages.
Claimants also contend that their daughter’s vehicle sustained damages due to soft shoulder area at the end of the their driveway. Claimants seek $3,000.00 for repairs made to the automobile. The Court is of the opinion that this element of damages is speculative and declines to make any award for damages to the automobile.
The Court has determined that claimants are entitled to recover an award for a new split-rail fence and the labor for erecting the fence. The original fence had not been treated as claimants intended to treat the fence after it had been in place for a year. Thus, the Court finds that the amount of $2,600.00 is fair and reasonable and will adequately compensate the claimants for their fence. The cost to replace the damaged culvert is $1,200.00 which amount the Court will include as a part of the damages. Claimants incurred the expense of $650.00 to stabilize the road after it was determined to be a private road and the Court finds that this amount should be included as part of the award.
Accordingly, the Court is of the opinion to and does make an award to claimants in the amount of $4,450.00.
Award of $4,450.00.